IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**VERLANDA TATE**                                                                                             **PLAINTIFF**

**VS.**                                                                 **CIVIL ACTION NO. 3:09cv350-TSL-JCS**

**SANDERSON FARMS, INC.**                                             **DEFENDANT**

---

### MOTION OF SANDERSON FARMS, INC.
### FOR ORDER DECLARING DOCUMENT TO BE PRIVILEGED

---

Defendant Sanderson Farms, Inc. ("Sanderson") respectfully moves the Court for an order (i) declaring Sanderson's July 30, 2008 email communications with outside counsel to be protected by the attorney-client privilege, and (ii) requiring Plaintiff to destroy or return the email document, including prohibiting any further reference to such communications. In support of this motion, Sanderson states:

1. In 2008 Plaintiff Verlanda Tate was employed as Manager of Sanderson's Human Resources Department. Ms. Tate reported to Brian Romano, Sanderson's Director of Administration. In addition to supervision of Sanderson's Human Resources Department, Mr. Romano supervises Sanderson's Safety and Risk Departments. (Exhibit 1, Romano Affidavit ¶s 1, 2.)

2. On July 28, 2008, Ms. Tate requested leave from attendance at work at

Sanderson under the Family and Medical Leave Act ("FMLA"). Mr. Romano sought the legal advice of outside counsel regarding the proper handling of Ms. Tate's request for FMLA leave. Among the communications between Mr. Romano and outside legal counsel were an email sent by Walter Brand with the firm of Watkins & Eager PLLC to Mr. Romano at 2:31 p.m. on July 30, 2008, and Mr. Romano's same day email reply at 4:33 p.m. Mr. Romano's 4:33 p.m. reply email included Mr. Brand's 2:31 p.m. email to him and an earlier Watkins & Eager intra-office email (collectively the "July 30 Email"). Mr. Romano intended his July 30 Email to be a confidential, attorney-client privileged communication. (Exhibit 1, Romano Affidavit ¶s 2-4, Exhibit A*).

3. Mr. Romano inadvertently copied Ms. Tate on the July 30 Email to Sanderson's counsel. Ms. Tate was not an intended recipient of the Email. (Exhibit 1, Romano Affidavit ¶ 5.) Ms. Tate immediately recognized on receipt of the July 30 Email that it contained communications between Sanderson and its attorney inadvertently forwarded to her. (Exhibit 2, Cockrell Affidavit ¶s 2, 3.) On learning of the inadvertent copying of Ms. Tate on the July 30 Email, Sanderson promptly confirmed to Ms. Tate that the Email had been mistakenly sent to her and that this company record was a confidential, attorney-client privileged document. (Exhibit 2, Cockrell Affidavit ¶ 4.)

4. The Complaint filed in this action in the Spring of 2009 further acknowledges

---

* Exhibit A is the July 30 Email. Because the July 30 Email is confidential and privileged, Exhibit A has been filed under seal.

2

that Ms. Tate knew that Mr. Romano's copying of her on the July 30 Email was inadvertent. Ms. Tate asserts: "On July 30, 2008 Plaintiff inadvertently received email correspondence between Mr. Romano and Defendant's attorney discussing Plaintiff's FMLA leave." (Complaint ¶ 25.)

5. Sanderson had no knowledge of Ms. Tate's apparent provision of the July 30 Email to a third party until after the June 12, 2009 service of the Complaint. (Exhibit 1, Romano Affidavit ¶ 9; Exhibit 2, Cockrell Affidavit ¶ 5.) After Sanderson learned of Ms. Tate's publication of the July 30 Email on reading the Complaint, Sanderson through outside counsel wrote Ms. Tate's counsel. Sanderson's counsel asserted the attorney-client privilege, demanded return of the July 30 Email and notified Plaintiff's counsel that any further publication of the July 30 Email would violate legal obligations owed by Ms. Tate to Sanderson. (Exhibit 3, Letter of Walter J. Brand.) Contending that Sanderson waived the privilege, Ms. Tate has refused to accept the conditions of the demand letter of Sanderson's counsel.

6. The July 30 Email is a confidential, attorney-client privileged communication. Sanderson has not waived the attorney-client privilege. Plaintiff has wrongly failed to agree that the July 30 Email is privileged and cannot be used by her.

WHEREFORE, and for the reasons set forth in the memorandum accompanying this motion, Sanderson respectfully requests entry of an order (i) declaring Sanderson's July 30, 2008 email communications with outside counsel to be protected by the attorney-client

privilege, and (ii) requiring Plaintiff to destroy or return the email document, including prohibiting any further reference to such communications.

This 16th day of October, 2009.

                            **Respectfully submitted,**

                            **SANDERSON FARMS, INC.**

BY:   */s/ Paul H. Stephenson, III*
           **Paul H. Stephenson, III (MB # 7864)**
           **Walter J. Brand (MB # 4313)**
           **Amy C. Felder (MB # 10667)**
           **Watkins & Eager PLLC**
           **400 East Capitol Street (39201)**
           **Post Office Box 650**
           **Jackson, Mississippi 39205**
           **Telephone: (601) 965-1900**
           **Facsimile: (601) 965-1901**

           *pstephenson@watkinseager.com*
           *wbrand@watkinseager.com*
           *afelder@watkinseager.com*

                              **ITS COUNSEL**

## CERTIFICATE OF SERVICE

The undersigned counsel for Sanderson Farms, Inc. certifies that he has this day electronically filed the foregoing Motion of Sanderson Farms, Inc. for Order Declaring Document to be Privileged on counsel for Plaintiff using the ECF system which sent notification of such filing to the following:

Louis H. Watson, Jr.
*louis@louiswatson.com*
Victoria Prince
*victoria@louiswatson.com*
Louis H. Watson, Jr., P.A.
520 East Capitol Street
Jackson, Mississippi 39201


This 16th day of October, 2009.


/s/ Paul H. Stephenson, III