IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**VERLANDA TATE**                                                                                    **PLAINTIFF**

VS.                                                      **CIVIL ACTION NO. 3:09cv350-TSL-JCS**

**SANDERSON FARMS, INC.**                                                 **DEFENDANT**

---

## AFFIDAVIT OF MIKE COCKRELL

---

**United States of America**
**State of Mississippi**
**County of Jones**

     Mike Cockrell, being first duly sworn, deposes and says:

     1.     I am over the age of 21 and otherwise competent to testify. I am Treasurer and Chief Financial Officer of Sanderson Farms, Inc. I make this affidavit of my own personal knowledge.

     2.     By letter dated July 31, 2008, Plaintiff Verlanda Tate forwarded to me a document which she had prepared and entitled "STATEMENT OF CONCERN" (Statement). Ms. Tate's Statement primarily addressed her concerns with alleged actions of Brian Romano. Mr. Romano, Sanderson's Director of Administration, was Ms. Tate's supervisor. Mr. Romano reports to me.

**EXHIBIT 2**

3. Ms. Tate's Statement included the assertion that on Wednesday, July 30, 2008, Ms. Tate "received an email . . . from Brian Romano having a discussion with our attorney, Walter Brand, concerning [her] leave status."* Ms. Tate questioned why she received "the email between Brian and Walter," including asking specifically about the attorney-client privileged status of the email. After receipt of Ms. Tate's Statement, I met with Mr. Romano and addressed, among other things, the July 30, 2008 email. Mr. Romano told me that he had intended the email to be an attorney-client privileged communication between him and Mr. Brand and that he had not intended to send the email to Ms. Tate.

4. Ms. Tate's July 31 letter by which she forwarded her Statement included a request to meet with me on her scheduled return to work on August 12, 2008. I met with Ms. Tate on August 12, 2008, as she requested. At this meeting I discussed Ms. Tate's concerns with her, including the July 30, 2008 email between Mr. Romano and Mr. Brand which was inadvertently forwarded to Ms. Tate. I told Ms. Tate that this email was mistakenly sent to her. I further advised her that the email was intended to be and was a confidential, attorney-client privileged communication. I emphasized the confidential, attorney-client privileged nature of this company record.

5. I had no knowledge of Ms. Tate's provision of a copy of the July 30, 2008 email to a third party, or of Ms. Tate's discussion of its contents with a third party, until after

---

* A copy of this email accompanies this affidavit as Exhibit A, which exhibit is being filed under seal.

2

the filing of this action when I learned the email was referenced in her complaint.

_____
MIKE COCKRELL

SWORN TO AND SUBSCRIBED BEFORE ME, within my jurisdiction, on this 28th day of September, 2009.

_____
NOTARY PUBLIC

My Commission Expires:

_____



3

# EXHIBIT A

# FILED UNDER SEAL

**EXHIBIT A** (tabbies)