rev. 1961)

# EVIDENCE
IN
# TRIALS AT COMMON LAW

by

JOHN HENRY WIGMORE

*In Ten Volumes*

VOLUME 8

Revised by

JOHN T. McNAUGHTON

*Professor of Law, Harvard Law School*



LITTLE, BROWN AND COMPANY

Boston      Toronto

1961

§2292                  ATTORNEY-CLIENT PRIVILEGE                [8 Wigmore, Evidence

was much greater in the period when the civil party's own privilege of silence was still in force, for then his admissions to his attorney would have constituted a distinct and substantial addition to the available sources of proof. But now that he can be freely interrogated and called to the stand by the opponent and made to disclose an oath all that he knows, it is evident that the disclosure of his admissions made to his attorney would add little to the proof except so far as the client is a person capable of perjuring himself when interrogated in court.

Nevertheless, the privilege remains an exception to the general duty to disclose. Its benefits are all indirect and speculative; its obstruction is plain and concrete. Even the answers to Bentham's argument concede that the privilege is well founded in its application to a certain proportion of cases. It is worth preserving for the sake of a general policy, but it is nonetheless an obstacle to the investigation of the truth. It ought to be strictly confined within the narrowest possible limits consistent with the logic of its principle.[6]

§2292. **General principle; Statutory definitions.** The phrasing of the general principle so as to represent all its essentials, but only essentials, and to group them in natural sequence is a matter of some difficulty. The following form seems to accomplish this:

(1) *Where legal advice of any kind is sought* (2) *from a professional legal adviser in his capacity as such,* (3) *the communications relating to that purpose,* (4) *made in confidence* (5) *by the client,* (6) *are at his instance permanently protected* (7) *from disclosure by himself or by the legal adviser,* (8) *except the protection be waived.*[1]

---

[6] UNITED STATES: Shaw, C.J., in Foster v. Hall, 29 Mass. (12 Pick.) 89, 97 (1831) ("The rule of privilege, having a tendency to prevent the full disclosure of the truth, ought to be construed strictly").
ENGLAND: Best, C.J., in Broad v. Pitt, 1 Mood. & Malk. 233, 234, 173 Eng. Rep. 1142, 1143 (C.P. 1828) ("The privilege is an anomaly, and ought not to be extended").
§2292. [1] Some aspects of this subject are discussed in the following: McCormick, Evidence, 182-210 (1954); Morgan, Basic Problems of Evidence, 91-98 (1954); Clapperton, Privilege on Discovery of Documents, 4 Can. B. Rev. 683 (1926); Louisell and Crippin, Evidentiary Privileges, 40 Minn. L. Rev. 413, 425 (1956); Radin, Privilege of Confidential Communication Between Lawyer and Client, 16 Calif. L. Rev. 487 (1928); Ray, Law of Privilege in Texas: Communications Between Attorney and Client, 12 Texas L. Rev. 146 (1934); Simon, The Attorney-Client Privilege as Applied to Corporations, 65 Yale L.J. 953 (1956); Symposium on the Oklahoma Law of Evidence — Communication Between Lawyer and Client, 5 Okla. L. Rev. 291, 308 (1952); Comment, Congressional Investigations and the Privileges of Confidential Communication, 45 Calif. L. Rev. 347, 353 (1957); Note, Attorney-Client Privilege in California, 10 Stan. L. Rev. 297 (1958).

The following are reprinted in Selected Writings on Evidence and Trial c. 4, §3, 221-54 (Fryer ed. 1957): ABA Recommendation Against "Novel Privileges," in Minimum Standards of Judicial Administration 344-48 (Vanderbilt ed. 1949); ABA Recommendation to Limit Attorney-Client Privilege, in Minimum Standards of Judicial Administration 378-79 (Vanderbilt ed. 1949); Morgan, Privileges [as Essential to Confidences], in Model Code of Evidence, Foreword 7, 24-30 (1942); Note, Discovery — Attorney-Client Privilege — Statements by Client to Insurer Before Attorney Employed, 48 Mich. L. Rev. 364 (1950); Note, The Attorney-Client Privilege as Affected by Third Party's Presence, 15 U. Chi. L. Rev. 989 (1948); Comment, Agents' Reports and the Attorney-Client Privilege, 21 U. Chi. L. Rev. 752 (1954); Note, Attorney-Client Privilege — Failure of One Client to Object to Testimony of His Co-Client Regarding Communication with Their Attorney Is Not a Waiver of the Privilege, 2 U.C.L.A.L. Rev. 537 (1955); Note, Attorney-Client Privilege Does Not Apply to Practitioners Before Federal Administrative Agencies, 1950 U. Ill. L.F. 486; Note, Witnesses — Criminal Syndicates and the Attorney-Client Privilege, 103 U. Pa. L. Rev. 276 (1954); Note, Privileged Communications —

554

---

(McNaughton rev. 1961)]         GEN[

These various parts will be ta
It may here be noted that t
embodied in *statutes.*[2] These

Attorney's Illegal Advice Deprives Cl
the Privilege, 32 Texas L. Rev. 615
Note, Waiver of Attorney-Client P
on Inter-Attorney Exchange of Ir
tion, 63 Yale L.J. 1030 (1954).
[2] UNITED STATES: *Federal:* Code of
for Practitioners Before the Interstat
merce Commission, 49 C.F.R. pt. I,
§41 (Supp. 1958) ("The duty to p
his client's confidences in the course
employment outlasts the practition
ployment, and extends as well
employees"); Treas. Reg. §1.6(
(1959) (attorneys aiding in the fo
or reorganization of any foreign cor
must file an information return, l
attorney-at-law is not required to
return with respect to any advice 
information obtained through the 
ship of attorney and client").
*Uniform Rule of Evidence* 26: "
eral Rule. Subject to Rule 37 
and except as otherwise provided 
graph 2 of this rule communication
by the judge to have been betwee
and his client in the course of tl
tionship and in professional confid
privileged, and a client has a 
(a) if he is the witness to refuse
close any such communication, an
prevent his lawyer from disclosing
(c) to prevent any other witness 
closing such communication if it
the knowledge of such witness (i
course of its transmittal between 
and the lawyer, or (ii) in a ma
reasonably to be anticipated by tl
or (iii) as a result of a breach of th
client relationship. The privilege
claimed by the client in person 
lawyer, or if incompetent, by his
or if deceased, by his personal re
tive. The privilege available t
poration or association terminates 
solution.
"(2) Exceptions. Such privileges
extend (a) to a communication if 
finds that sufficient evidence, a:
the communication has been intr
warrant a finding that the leg
was sought or obtained in order 
or aid the client to commit o:
commit a crime or a tort, or (b)
munication relevant to an issue
parties all of whom claim thi
client, regardless of whether the
claims are by testate or intestate
or by inter vivos transaction, o
communication relevant to an 
breach of duty by the lawyer to 
or by the client to his lawyer, 
communication relevant to an

/ILEGE [8 Wigmore, Evidence

(McNaughton rev. 1961)]    GENERAL PRINCIPLE    §2292

:ivil party's own privilege of
ssions to his attorney would
lition to the available sources
iterrogated and called to the
: an oath all that he knows,
issions made to his attorney
ir as the client is a person
ted in court.

ception to the general duty
d speculative; its obstruction
Bentham's argument concede
:ation to a certain proportion
of a general policy, but it is
of the truth. It ought to be
le limits consistent with the

tions. The phrasing of the
ntials, but only essentials, and
tter of some difficulty. The

ight (2) *from a professional
: communications relating to
the client, (6) are at his in-
ure by himself or by the legal*

ollowing are reprinted in Selected
; on Evidence and Trial c. 4, §3,
Fryer ed. 1957): ABA Recommen-
against "Novel Privileges," in Mini-
andards of Judicial Administration
Vanderbilt ed. 1949); ABA Recom-
on to Limit Attorney-Client Privi-
Minimum Standards of Judicial
tration 378-79 (Vanderbilt ed.
Morgan, Privileges [as Essential to
ices], in Model Code of Evidence,
d 7, 24-30 (1942); Note, Discovery
ney-Client Privilege — Statements
it to Insurer Before Attorney Em-
48 Mich. L. Rev. 364 (1950); Note,
torney-Client Privilege as Affected
d Party's Presence, 15 U. Chi. L.
 (1948); Comment, Agents' Reports
 Attorney-Client Privilege, 21 U.
 Rev. 752 (1954); Note, Attorney-
Privilege — Failure of One Client
ct to Testimony of His Co-Client
ig Communication with Their At-
s Not a Waiver of the Privilege,
..A.L. Rev. 537 (1955); Note, Attor-
nt Privilege Does Not Apply to
ners Before Federal Administrative
, 1950 U. Ill. L.F. 486; Note, Wit-
Criminal Syndicates and the Attor-
nt Privilege, 103 U. Pa. L. Rev. 276
Note, Privileged Communications —

These various parts will be taken up in the above order.

It may here be noted that the privilege has in many jurisdictions been embodied in *statutes*.[2] These have seldom helped to settle any mooted

Attorney's Illegal Advice Deprives Client of the Privilege, 32 Texas L. Rev. 615 (1954); Note, Waiver of Attorney-Client Privilege on Inter-Attorney Exchange of Information, 63 Yale L.J. 1030 (1954).

[2] UNITED STATES: *Federal:* Code of Ethics for Practitioners Before the Interstate Commerce Commission, 49 C.F.R. pt. 1, App. A, §41 (Supp. 1958) ("The duty to preserve his client's confidences in the course of his employment outlasts the practitioner's employment, and extends as well to his employees"); Treas. Reg. §1.6046-1(d) (1959) (attorneys aiding in the formation or reorganization of any foreign corporation must file an information return, but "an attorney-at-law is not required to file a return with respect to any advice given or information obtained through the relationship of attorney and client").

*Uniform Rule of Evidence* 26: "(1) General Rule. Subject to Rule 37 [Waiver] and except as otherwise provided by Paragraph 2 of this rule communications found by the judge to have been between lawyer and his client in the course of that relationship and in professional confidence, are privileged, and a client has a privilege (a) if he is the witness to refuse to disclose any such communication, and (b) to prevent his lawyer from disclosing it, and (c) to prevent any other witness from disclosing such communication if it came to the knowledge of such witness (i) in the course of its transmittal between the client and the lawyer, or (ii) in a manner not reasonably to be anticipated by the client, or (iii) as a result of a breach of the lawyer-client relationship. The privilege may be claimed by the client in person or by his lawyer, or if incompetent, by his guardian, or if deceased, by his personal representative. The privilege available to a corporation or association terminates upon dissolution.

"(2) Exceptions. Such privileges shall not extend (a) to a communication if the judge finds that sufficient evidence, aside from the communication has been introduced to warrant a finding that the legal service was sought or obtained in order to enable or aid the client to commit or plan to commit a crime or a tort, or (b) to a communication relevant to an issue between parties all of whom claim through the client, regardless of whether the respective claims are by testate or intestate succession or by inter vivos transaction, or (c) to a communication relevant to an issue of breach of duty by the lawyer to his client, or by the client to his lawyer, or (d) to a communication relevant to an issue con-

cerning an attested document of which the lawyer is an attesting witness, or (e) to a communication relevant to a matter of common interest between two or more clients if made by any of them to a lawyer whom they have retained in common when offered in an action between any of such clients.

"(3) Definitions. As used in this rule (a) 'Client' means a person or corporation or other association that, directly or through an authorized representative, consults a lawyer or the lawyer's representative for the purpose of retaining the lawyer or securing legal service or advice from him in his professional capacity; and includes an incompetent whose guardian so consults the lawyer or lawyer's representative in behalf of the incompetent, (b) 'communication' includes advice given by the lawyer in the course of representing the client and includes disclosures of the client to a representative, associate or employee of the lawyer incidental to the professional relationship, (c) 'lawyer' means a person authorized, or reasonably believed by the client to be authorized to practice law in any state or nation the law of which recognizes a privilege against disclosure of confidential communications between client and lawyer."

*Model Code of Evidence* Rules 209-213 (1942) (similar to the Uniform Rules, *supra*).

*Alabama:* Ala. Code tit. 7, §438 (1940) ("No attorney or his clerk shall be competent or compelled to testify in any court in this state, for or against the client, as to any matter or thing knowledge of which may have been acquired from the client, or as to advice or counsel to the client given by virtue of the relation as attorney or given by reason of anticipated employment as attorney, unless called to testify by the client, but shall be competent to testify, for or against the client, as to any matter or thing knowledge of which may have been acquired in any other manner").

*Alaska:* Alaska Comp. Laws Ann. §58-6-4 (1949) ("An attorney shall not, without the consent of his client, be examined as to any communication made by his client to him, or his advice given thereon, in the course of his professional employment").

*Arizona:* Ariz. Rev. Stat. Ann. §13-1802 (1956) (in criminal proceedings, an attorney shall not without the consent of the client be examined "as to any communication made by the client to him, or his advice given thereon in the course of professional employment"); id. §12-2234 (civil proceedings, like §13-1802, adding, "An attorney's

555

Case 3:09-cv-00350-TSL-JCS    Document 16-2    Filed 10/16/2009    Page 4 of 5

point, but on the other hand they have seldom chanced to disfigure the common law rule or to unsettle its logical development. Their original wording was commonly ignored by the courts as being merely an attempt to

secretary, stenographer or clerk shall not, without the consent of his employer, be examined concerning any fact the knowledge of which was acquired in such capacity").

*Arkansas:* Ark. Stat. Ann. §28–601 (1947) ("an attorney, concerning any communication made to him by his client in that relation, or his advice thereon, without the client's consent," is "incompetent to testify").

*California:* Cal. Civ. Proc. Code §1881 ("There are particular relations in which it is the policy of the law to encourage confidence and to preserve it inviolate; therefore, a person can not be examined as a witness in the following cases: . . . 2. An attorney can not, without the consent of his client, be examined as to any communication made by the client to him, or his advice given thereon in the course of professional employment; nor can an attorney's secretary, stenographer, or clerk be examined, without the consent of his employer, concerning any fact the knowledge of which has been acquired in such capacity").

*Canal Zone:* C.Z. Code tit. 4, §1904 (1934) (like Cal. Civ. Proc. Code §1881, *supra*).

*Colorado:* Colo. Rev. Stat. Ann. §153–1–7 (1953) (like Cal. Civ. Proc. Code §1881, *supra*); id. §153–1–8 (the offer of an attorney as a witness deemed a consent to the examination of the attorney).

*Georgia:* Ga. Code Ann. §38–418 (1954) (communications "between attorney or counsel and client" are excluded); id. §38–419 ("Communications to any attorney, or his clerk, to be transmitted to the attorney pending his employment, or in anticipation thereof, shall never be heard by the court. So the attorney shall not disclose the advice or counsel he may give to his client, nor produce or deliver up title deeds or other papers, except evidences of debt left in his possession by his client. This rule shall not exclude the attorney as a witness to any facts which may transpire in connection with his employment"); id. 38–1605 ("No attorney shall be competent or compellable to testify, for or against his client, to any matter or thing, knowledge of which he may have acquired from his client, by virtue of his relations as attorney, or by reason of the anticipated employment of him as attorney, but shall be both competent and compellable to testify, for or against his client, as to any matter or thing, knowledge of which he may have acquired in any other manner"; as to an attorney's testimony in general, under this statute,

see the cases cited *supra* §1911); id. §38–1102 (discovery; no party may be required to disclose "the advice of his professional advisers, nor his consultation with them"); id. §38–1711 (witnesses; same matters privileged).

*Idaho:* Idaho Code Ann. §9–203 (1948) (like Cal. Civ. Proc. Code §1881, *supra*, but not extending the privilege to secretaries, etc.).

*Indiana:* Ind. Ann. Stat. §2–1714 (1946) ("Attorneys, as to confidential communications made to them in the course of their professional business, and as to advice given in such cases," shall not be competent).

*Iowa:* Iowa Code Ann. §622.10 (1950) ("No practicing attorney, counselor, . . . or the stenographer or confidential clerk of any such person, who obtains such information by reason of his employment, . . . shall be allowed, in giving testimony, to disclose any confidential communication properly intrusted to him in his professional capacity, and necessary and proper to enable him to discharge the functions of his office according to the usual course of practice or discipline. Such prohibition shall not apply to cases where the party in whose favor the same is made waives the rights conferred").

*Kansas:* Kan. Gen. Stat. Ann. §60–2805 (1949) (An attorney is incompetent to testify "concerning any communications made to him by his client in that relation, or his advice thereon, without the client's consent. . . . But if a person without objection on his part testifies concerning any such communication, the attorney . . . communicated with may also be required to testify on the same subject as though consent had been given").

*Kentucky:* Ky. Rev. Stat. §421.210 (1959) ("No attorney shall testify concerning a communication made to him, in his professional character, by his client or his advice thereon, without the client's consent").

*Louisiana:* La. Civ. Code Ann. art. 2283 (West, 1952) ("No attorney or counsellor at law shall give evidence of any thing that has been confided to him by his client, without the consent of such client"); La. Rev. Stat. Ann. §15:475 (1951) ("No legal adviser is permitted, whether during or after the termination of his employment as such, unless with his client's express consent, to disclose any communication made to him as such legal adviser by or on behalf of his client, or any advice given by him to his client, or any information that he may have gotten by reason of his being

(McNaughton rev. 1961)]    GE

name and to recognize the legislative tinkering has mac mere matter of the statute's

such legal adviser"); id. §15:478 ( is personal and may be set up onl person in whose favor the right  the right is waived, the attorney tify).

*Michigan:* Mich. Stat. Ann. ! (1954) (one-man grand jury; "An} nications between attorneys a1 clients, . . . are hereby decla: privileged and confidential when s munications were necessary to en. attorneys . . . to serve as su ney").

*Minnesota:* Minn. Stat. Ann. (1947) ("An attorney cannot, wit consent of his client, be examined communication made by the clier or his advice given thereon in t of professional duty; nor can any of such attorney be examined a: communication or advice, witl client's consent").

*Mississippi:* Miss. Code Ann. §8 ("It is the duty of attorneys: . . maintain inviolate the confidenc every peril to themselves, to pre secrets of their clients"). The p not statutory in Mississippi. M· Willis, 197 Miss. 366, 19 So.2d 75

*Missouri:* Mo. Ann. Stat. §491. ("The following persons shall be tent to testify: . . . (3) an concerning any communication him by his client in that relatic advice thereon, without the c such client").

*Montana:* Mont. Rev. Codes . 701–4 (1947) (like Cal. Civ. P §1881(2), *supra*, but not extendinɡ ilege to secretaries, etc.).

*Nebraska:* Neb. Rev. Stat. (1956) ("The following persons incompetent to testify: . . . (3 ney concerning any communicat to him by his client in that relat advice thereon, without the clien in open court or in writing pr court"); id. §25–1206 ("No practi ney, [or] counselor . . . shall i in giving testimony to disclose dential communication, properly to him in his professional cap necessary and proper to enabl discharge the functions of his off ing to the usual course of practic pline"); id. §25–1207 (preceding ɩ not to apply "to cases where th whose favor the respective pro enacted, waives the rights thɛ ferred").

*Nevada:* Nev. Rev. Stat. §48 ("An attorney cannot, without t

m chanced to disfigure the
velopment. Their original
being merely an attempt to

name and to recognize the common law privilege. But in a few states legislative tinkering has made the application of the principle become a mere matter of the statute's verbal interpretation.

ses cited *supra* §1911); id. §38–
overy; no party may be required
"the advice of his professional
or his consultation with them");
11 (witnesses; same matters privi-

Idaho Code Ann. §9–203 (1948)
Civ. Proc. Code §1881, *supra*, but
ding the privilege to secretaries.

: Ind. Ann. Stat. §2-1714 (1946)
s, as to confidential communica-
e to them in the course of their
al business, and as to advice given
ses," shall not be competent).
Iowa Code Ann. §622.10 (1950)
ticing attorney, counselor, . . .
nographer or confidential clerk
ch person, who obtains such in-
by reason of his employment,
hall be allowed, in giving testi-
disclose any confidential commu-
properly intrusted to him in his
al capacity, and necessary and
enable him to discharge the func-
is office according to the usual
practice or discipline. Such pro-
all not apply to cases where the
whose favor the same is made
rights conferred").
Kan. Gen. Stat. Ann. §60–2805
attorney is incompetent to tes-
rning any communications made
his client in that relation, or his
reon, without the client's con-
. . But if a person without
on his part testifies concerning
ommunication, the attorney . . .
ated with may also be required
on the same subject as though
id been given").
y: Ky. Rev. Stat. §421.210 (1959)
rney shall testify concerning a
tion made to him, in his pro-
character, by his client or his
reon, without the client's con-

a: La. Civ. Code Ann. art. 2283
2) ("No attorney or counsellor at
give evidence of any thing that
confided to him by his client,
e consent of such client"); La.
Ann. §15:475 (1951) ("No legal
permitted, whether during or
ermination of his employment as
ss with his client's express con-
isclose any communication made
uch legal adviser by or on behalf
nt, or any advice given by him
nt, or any information that he
gotten by reason of his being

such legal adviser"); id. §15:478 (the right is personal and may be set up only by "the person in whose favor the right exists"; if the right is waived, the attorney may testify).

*Michigan:* Mich. Stat. Ann. §28.945(1) (1954) (one-man grand jury; "Any communications between attorneys and their clients, . . . are hereby declared to be privileged and confidential when such communications were necessary to enable such attorneys . . . to serve as such attorney").

*Minnesota:* Minn. Stat. Ann. §595.02 (1947) ("An attorney cannot, without the consent of his client, be examined as to any communication made by the client to him or his advice given thereon in the course of professional duty; nor can any employee of such attorney be examined as to such communication or advice, without the client's consent").

*Mississippi:* Miss. Code Ann. §8665 (1956) ("It is the duty of attorneys: . . . (4) To maintain inviolate the confidence and, at every peril to themselves, to preserve the secrets of their clients"). The privilege is not statutory in Mississippi. McCaslin v. Willis, 197 Miss. 366, 19 So.2d 751 (1944).

*Missouri:* Mo. Ann. Stat. §491.060 (1952) ("The following persons shall be incompetent to testify: . . . (3) an attorney, concerning any communication made to him by his client in that relation, or his advice thereon, without the consent of such client").

*Montana:* Mont. Rev. Codes Ann. §93-701-4 (1947) (like Cal. Civ. Proc. Code §1881(2), *supra*, but not extending the privilege to secretaries, etc.).

*Nebraska:* Neb. Rev. Stat. §25-1201 (1956) ("The following persons shall be incompetent to testify: . . . (3) an attorney concerning any communication made to him by his client in that relation or his advice thereon, without the client's consent in open court or in writing produced in court"); id. §25-1206 ("No practicing attorney, [or] counselor . . . shall be allowed in giving testimony to disclose any confidential communication, properly entrusted to him in his professional capacity, and necessary and proper to enable him to discharge the functions of his office according to the usual course of practice or discipline"); id. §25-1207 (preceding prohibition not to apply "to cases where the party in whose favor the respective provisions are enacted, waives the rights thereby conferred").

*Nevada:* Nev. Rev. Stat. §48.060 (1957) ("An attorney cannot, without the consent

of his client, be examined as to any communication made by the client to him, or his advice given thereon in the course of professional employment; nor can an attorney's secretary, stenographer or clerk be examined, without the consent of his employer, concerning any fact, the knowledge of which has been acquired in such capacity").

*New Jersey:* N.J. Stat. Ann. §2A:84A-20 (Supp. 196–) (similar to Uniform Rule of Evidence 26, quoted *supra*, except that where the client is a corporation, the privilege survives dissolution, (2) the privilege applies to communications relevant to attested documents although the attorney is an attesting witness, and (3) there is a presumption that a private communication between attorney and client is confidential).

*New Mexico:* N.M. Stat. Ann. §20-1-12 (1953) ("(b) An attorney cannot, without the consent of his client, be examined as to any communication made by the client to him, or his advice given thereon in the course of professional employment; nor can an attorney's secretary, stenographer, or clerk be examined, without the consent of his employer, concerning any fact, the knowledge of which has been acquired in such capacity. . . . (f) If a person offer himself as a witness and voluntarily testify with reference to the communications specified in this act [section], that is to be deemed a consent to the examination of the person to whom the communications were made as above provided").

*New York:* N.Y. Civ. Prac. Act §353 ("An attorney or counselor at law shall not be allowed to disclose a communication, made by his client to him, or his advice given thereon, in the course of his professional employment, nor shall any clerk, stenographer or other person employed by such attorney or counselor be allowed to disclose any such communication or advice given thereon"); id. §354 (§353 applies "to any examination of a person as a witness unless the provisions thereof are expressly waived upon the trial or examination by the . . . client. . . . But nothing contained in this section or in section three hundred and fifty-three shall be construed to disqualify an attorney, or his employees, in the probate of a will heretofore executed or offered for probate or hereafter to be executed or offered for probate or in any proceeding whatsoever involving the validity or construction of such a will from becoming a witness, as to the preparation and execution of the will so offered for probate or required to be construed or of

557