UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

VERLANDA TATE                                                    PLAINTIFF

VS.                                        CIVIL ACTION NO. 3:09CV350TSL-JCS

SANDERSON FARMS, INC.                                           DEFENDANTS

MEMORANDUM OPINION AND ORDER

On April 20, 2010, defendant Sanderson Farms, Inc. filed in this cause a motion for summary judgment and a separate motion for partial summary judgment on damages. Plaintiff Verlanda Tate has responded to defendant's motion as it pertains to her claim for retaliation under Title VII and 42 U.S.C. § 1981. However, plaintiff takes the position that because of a previous order of the magistrate judge declaring certain documents (emails) privileged and barring her from discussing same, and because of her consequent inability to conduct discovery relating to the subject emails, she is presently unable to fully respond to the parts of the motion directed at her claims for retaliation under the Family Medical Leave Act (FMLA), and for intentional infliction of emotional distress, as these claims are directly related to the subject emails. Accordingly, plaintiff seeks to be relieved from the magistrate judge's order barring her from discussing these emails so that she may fully respond to defendant's summary judgment motions, and, pursuant to Rule 56(f)

of the Federal Rules of Procedure, moves to extend the discovery period to allow her to conduct discovery relating to the facts and circumstances surrounding her receipt and review of the subject emails, and requests additional time to respond to defendant's summary judgment motions once adequate discovery has been completed. Defendant has responded in opposition to the motion and the court, having considered the parties' memoranda of authorities, concludes that plaintiff's motion should be denied for reasons which follow.

The order of the magistrate judge from which plaintiff seeks relief was entered February 19, 2010 and considered defendant's claim of attorney-client privilege with respect to a July 30, 2008 email thread between plaintiff's supervisor at Sanderson Farms to the company's outside legal counsel seeking legal advice regarding plaintiff's use of leave under the FMLA. Defendant has maintained that it realized only after the fact that plaintiff's supervisor had inadvertently or erroneously carbon copied plaintiff on the emails, and that plaintiff was promptly informed by defendant that it regarded that the communications contained in the emails were confidential, and subject to its attorney-client privilege. In response to defendant's motion seeking to have the emails declared privileged, plaintiff argued that by her supervisor's volitional act of copying her on the emails, defendant had waived its attorney-client privilege. Defendant further asserted that it was not aware that plaintiff had disclosed the substance of the emails

2

to a third-party (her attorney) until it was served with the complaint herein, in which plaintiff cited the substance of the emails as support for her FMLA claim.[1]  After considering the parties' positions, the magistrate judge held that the privilege was not waived, and he ordered "that defendant's motion for an order declaring the subject document to be privileged is granted. It is further ordered that plaintiff shall destroy or return the email document and shall refrain from discussing the substance of the communication."  Plaintiff did not appeal this ruling.

In its subsequent summary judgment motion, filed after discovery had concluded, defendant, in addressing plaintiff's FMLA retaliation claim, argued as follows:

> Tate's FMLA retaliation claim is based upon her review of the contents of a privileged email between Sanderson and its counsel.  Absent her review of this email, [she] would never have known about its contents.  The Magistrate Judge has held this email and any Tate reference to its contents are inadmissible.  Tate's FMLA retaliation claim should be dismissed for this reason alone.

In her present motion, plaintiff argues that defendant has "opened the door to discovery and exploration of these emails by making the Plaintiff's receipt and review of these purportedly

---

[1] Plaintiff's complaint recites:
On July 30, 2009, Plaintiff inadvertently received email correspondence between Mr. Romano and Defendant's attorney discussing Plaintiff's FMLA leave.
The correspondence revealed that Defendant was trying to rescind Plaintiff's FMLA leave.
Other similarly situated Caucasion co-workers have not been subjected to this form of harassment and discrimination.

3

'privileged' emails issues at summary judgment." She contends that she has been prejudiced in her ability to respond to defendant's motion as a result of the magistrate judge's order, which barred her from discussing the subject emails and hence precluded her from conducting any discovery regarding her receipt and review of the emails, and specifically regarding the particulars of how and when the emails came into her hands, i.e., why the emails were sent to her in the first place.[2] The court is unpersuaded.

    Rule 56(f) provides:

    If a party opposing the motion shows by affidavit that,
    for specified reasons, it cannot present facts essential
    to justify its opposition, the court may:
    (1) deny the motion;
    (2) order a continuance to enable affidavits to be
    obtained, depositions to be taken, or other discovery to
    be undertaken; or
    (3) issue any other just order.

The Fifth Circuit has held that to qualify for relief under Rule 56(f), a party must show

---

[2] Although plaintiff's response upon initially receiving the emails suggested that she did not believe she had been an intended recipient, and although she specifically alleged in the complaint that the email had been sent to her inadvertently, she argued in response to defendant's motion to have the email declared privileged that her supervisor "may well have intentionally forwarded his communication with the Defendant's attorney to the Plaintiff in an attempt to intentionally inflict emotional distress and mental anguish upon the Plaintiff," and that he "may well have forwarded these emails to Plaintiff in furtherance of his continued efforts to harass, intimidate, and emotionally distress her." Presumably, her present efforts are aimed at discovery of facts suggestive of whether the emails were, in fact, sent to her inadvertently, or whether they were sent to her intentionally, to cause her emotional distress.

4

> both why it is currently unable to present evidence
> creating a genuine issue of fact and how a continuance
> would enable the party to present such evidence. The ...
> party may not simply rely on vague assertions that
> additional discovery will produce needed, but
> unspecified facts in opposition to summary judgment.

Baker v. American Airlines, Inc., 430 F.3d 750, 756 (5th Cir. 2005) (quoting Access Telecom, Inc. v. MCI Telecomm. Corp., 197 F.3d 694, 719-20 (5th Cir. 1999)). "Moreover, another criteria for relief under Rule 56(f) is that the movant must have exercised due diligence in discovery." Id. (citing Wichita Falls Office Assocs. v. Banc One Corp., 978 F.2d 915, 919 (5th Cir. 1992) ("[T]he trial court need not aid non-movants who have occasioned their own predicament through sloth.")).

Plaintiff has not shown that discovery is needed in order to respond to the summary judgment motion. While plaintiff contends otherwise, it is clear that defendant's argument in its summary judgment motion does not "rely upon" the privileged emails. Defendant has merely pointed out that since the emails, which the magistrate judge has now held are inadmissible, were the only factual basis pled by plaintiff in support of her FMLA retaliation claim, then plaintiff has no evidentiary basis for her claim, so that summary judgment is in order. Defendant has not disclosed or discussed the substance of the emails in its motion, or in any way made the plaintiff's receipt and review of the emails an issue on its summary judgment motion. Obviously, defendant did not "open

the door" to discovery regarding the emails simply by pointing out that the emails are inadmissible.

Furthermore, plaintiff has not shown that she exercised the due diligence required of her as a prerequisite to the relief she now requests. There is no basis for plaintiff's contention that the magistrate judge's order prevented her from conducting discovery "of any type related to the subject emails." Contrary to her urging, the magistrate judge's order did not bar her "from discussing the emails." He only barred her "from discussing the *substance* of the communication." (Emphasis added). Plaintiff was free to conduct discovery relating to the facts and circumstances surrounding her receipt and review of the emails, and to inquire in discovery about the factors considered by defendant in deciding how to handle her FMLA leave request.[3]

In its motion for partial summary judgment on damages, defendant argues that upon being served with plaintiff's complaint, it learned that plaintiff had retained the confidential/privileged emails and disclosed them to a third-party (her attorney). It submits that this alerted it to the possibility that plaintiff had taken and retained other confidential documents, which prompted it to conduct discovery that confirmed she had, in fact, taken numerous confidential

---

[3] If plaintiff genuinely believed the magistrate judge's order effectively and erroneously precluded her from conducting discovery on any of her claims in the case, she should have appealed the order. She did not do so.

internal company documents.  Defendant argues that her conduct in this regard was a clear violation of company policy, which would have been cause for her termination.  Defendant contends, therefore, that based on the after-acquired evidence doctrine, in the event the court does not grant summary judgment on all plaintiff's claims, plaintiff's recoverable damages should be limited to the time between the date of her termination and the time defendant discovered the new information justifying termination.  See McKennon v. Nashville Banner Pub. Co., 513 U.S. 352, 362, 115 S. Ct. 879, 886, 130 L. Ed. 2d 852 (1995) (holding that "[o]nce an employer learns about employee wrongdoing that would lead to a legitimate discharge, we cannot require the employer to ignore the information, even if it is acquired during the course of discovery in a suit against the employer and even if the information might have gone undiscovered absent the suit," and that in such case, the remedy is backpay "from the date of the unlawful discharge to the date the new information was discovered").

Plaintiff argues that since defendant's partial summary judgment motion places the emails squarely in issue, then she needs to conduct discovery so that she can fully respond. Defendant argues in opposition that it only mentioned the privileged emails in its partial summary judgment motion on damages "to provide the context of how Sanderson learned Tate had removed confidential Sanderson business records," and that it

7

"simply explained that it first learned of Tate's wrongful retention of corporate documents upon Tate's service of her complaint disclosing her possession of the privileged email." If defendant's position is that its learning about plaintiff's retention and disclosure of the emails led it to learn that she had taken and retained *other confidential documents* and that her possession of such *other documents* was a violation of company policy, then the circumstances of her retention and disclosure of the emails would not be particularly relevant and there would be no arguable basis for plaintiff's request for Rule 56(f) relief. It appears, though, that defendant does not rely on its discovery of her retention and disclosure of the emails as merely the impetus for its conducting discovery into her possible possession of other company documents; rather, it argues that her possession and disclosure of the emails was itself a violation of company policy which would have been cause for her termination.[4] In that event, the circumstances of her coming to possess the email document, and her retention and disclosure of the document, would likely be relevant.[5] However, as the court already held,

---

[4] It states, for example, that plaintiff's supervisor testified by affidavit "that Tate would have been fired if Sanderson knew that she had retained and disclosed outside of Sanderson the privileged emails between Sanderson and its attorneys."

[5] That being said, and while not prejudging the motion, the court is dubious of defendant's suggestion that plaintiff could have been terminated for disclosing to her attorney a document that the company had merely *asserted* was privileged but

8

plaintiff was not foreclosed by the magistrate judge's order from conducting discovery relating to these issues, and her failure to do so was the result of her own lack of diligence.

Based on the foregoing, it is ordered that plaintiff's motion to stay for Rule 56(f) relief is denied. As plaintiff has filed her substantive response to defendant's summary judgment (subject only to her request to be permitted to supplement her response in the event the court granted her Rule 56(f) motion), all that remains due is defendant's rebuttal, which shall be due on or before June 14, 2010. Plaintiff has not responded to the substance of defendant's alternative partial summary judgment motion; her response to such motion shall be due on or before June 21, 2010.

SO ORDERED this 3rd day of June, 2010.

/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

which it had volitionally (even if not intentionally) sent to plaintiff. While the court ultimately held that the circumstances did not support finding a waiver of defendant's attorney-client privilege, the court would not expect that plaintiff should have foreseen such ruling.

9